IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

<u>JOHN EDWARD THURSTON</u>,
<u>WENDALL HALL</u>, on behalf
of themselves and all other similarly situated
PLAINTIFFS,

V.

<u>JEREMY BARR</u>, President of Recovery Solutions,
<u>JARAD ANDERSON</u>, Recovery Solutions employer Facility Administrator at FCCC,
<u>CYNTHIA NOBLETT</u>, Business Office Manager and Employee for Recovery Solutions at FCCC,
DEFENDANTS.

CASE NO.:_____

(TO BE ASSIGNED BY CLERK)

<u>CIVIL RIGHTS COMPLAINT</u>

Place of present confinement: Florida Civil Commitment Center

Have you had your Jimmy Ryce trial? Yes (x)  no ( )

To the extent that there are administrative remedies available, at the Florida civil commitment center, what steps have you taken at FCCC to attempt to remedy the alleged violations.

Civil detainees or civilly committed residents (plaintiffs) at FCCC are not required to exhaust administrative remedies, prior to filing a civil rights complaint, since they are not prisoners and therefore the PLRA exhaustion of administrative remedies requirement, is not applicable to plaintiffs, civilly committed persons or civil detainees at Florida civil commitment center, pursuant to <u>TROVILLE v. VENZ</u>, 303 F.3d 1256 (11th Cir. 2002).

However, plaintiffs Thurston filed/submitted communication request, to FCCC Facility Administrator Mr. Anderson and a grievance to FCCC staff and Recovery Solutions staff, regarding his claims, which grievance and communication request were denied.

Also, plaintiff Hall filed/submitted a communication request to FCCC Facility Administrator Mr. Anderson regarding his claims.

Parties: in part A of this section, indicate your full name in the first blank and your full mailing address in the second blank.

Part A:

NAME OF PLAINTIFF:    JOHN THURSTON, No.991416
MAILING ADDRESS:     Florida Civil Commitment Center
                     13619 S.E. Highway 70
                     Arcadia, Florida 34266

NAME OF PLAINTIFF:    WENDALL HALL, No. 4637871
MAILING ADDRESS:     Florida Civil Commitment Center
                     13619 S.E. Highway 70
                     Arcadia, Florida 34266

Part B: In part B of this section, indicate the full names, addresses and positions of each defendant:

(1) NAME OF DEFENDANT:    JEREMY BARR
    POSITION:             President

|  |  |
|---|---|
| MAILING ADDRESS: | Recovery Solutions<br>3340 Perimeter Hill Drive<br>Nashville, Tennessee 37211 |
| (2) NAME OF DEFENDANT:<br>POSITION:<br>MAILING ADDRESS: | JARAD ANDERSON<br>Facility Director<br>Florida Civil Commitment Center<br>13619 S.E. Highway 70<br>Arcadia, Florida 34266 |
| (3) NAME OF DEFENDANT:<br>POSITION:<br>MAILING ADDRESS: | CYNTHIA NOBLETT<br>Business Office Manager<br>Florida Civil Commitment Center<br>13619 S.E. Highway 70<br>Arcadia, Florida 34266 |

## STATEMENT OF CLAIMS

(Count-1) Defendants Jarad Anderson, Jeremy Barr and Cynthia Noblett have adopted or promulgated a policy, custom, procedure or practice of paying plaintiffs Thurston, Hall and all other similarly situated employed civilly committed persons or civil detainees at FCCC, $1.00 (one dollar) per hour, (far below Florida's state minimum wage), for work they performed for hire, as employees for a private company (Recovery Solutions), which manages FCCC by contract, which violates the state minimum wage law, well established in Article X, Section 24 of the Florida State Constitution and Florida Statutes 448.110, in violation of procedural due process of law of the 14th Amendment to the U.S. Constitution and Florida Constitution due process clause.

(Count-2) Defendants Jarad Anderson, Jeremy Barr and Cynthia Noblett, have adopted or promulgated a policy, custom, procedure or practice of paying plaintiffs Thurston, Hall and all other similarly situated employed

3

civilly committed persons or civil detainees at FCCC, $1.00 (one dollar) per hour, (far below Florida's state minimum wage), established in Article X, Section 24 of the FL. State Constitution and Florida statute 448.110, for work they performed for hire, as employees for a private company (Recovery Solutions), which manages FCCC by contract, which amounts to unjust enrichment and or unlawful deprivation of property (minimum wage money payments,) by defendants and the private company Recovery Solutions, in violation of Article X, Section 24 of the Florida State constitution, and Florida Statute 448.110, which violates procedural due process of law of the 14th Amendment to the U.S. Constitution and/or the due process clause of Florida's State Constitution.

## STATEMENT OF FACTS

1. This complaint holds or states class action allegations and is appropriate for class action certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all past, present and current civilly committed or civilly detained persons at Florida Civil Commitment Center (FCCC) who participated in or were employees in the vocational Resident Work Program for Recovery Solutions at FCCC, including persons who are not currently civilly committed, [but] who will be civilly committed or detained at FCCC in the future, who will participate in the vocational Resident Work Program in the future for Recovery Solutions at FCCC.

2. Plaintiff John Edward Thurston (Thurston), is the first named plaintiff in this case, currently civilly committed at the Florida Civil Commitment Center (FCCC).

3. Plaintiff Wendall Hall (Hall), is the second named plaintiff in this case, currently civilly committed at FCCC.

4. Plaintiffs Thurston and Hall sue defendants Jeremy Barr (Barr), Jarad Anderson (Anderson) and Cynthia Noblett (Ms. Noblett) in their individual capacity for monetary damages, compensatory, liquidated and punitive damages.

5. Plaintiffs Thurston and Hall, also sue defendants Anderson, Noblett and Barr in their official capacity for injunctive relief and a declaratory judgment.

6. Defendants Anderson, Barr and Noblett (employers or employee staff members of Recovery Solution, a private corporation), adopted or promulgated a policy, custom, procedure or practice to pay plaintiffs Thurston, Hall and all other civilly committed persons or civil detainees at FCCC, one dollar [$1.00] per hour, [far below the Florida State Minimum Wage Acts], for work they performed as hired employees for a private corporation (Recovery Solutions) at FCCC, in violation of Article X, Section 24 of the Florida State Constitution Minimum Wage Act section, which violates the Procedural Due Process of Law of the 14th amendment to the U.S. Constitution.

7. Recovery Solutions (a private for profit company/corporation) is under contract with Florida Department of Children and Families (D.C.F.), to manage and run Florida Civil Commitment Center (FCCC), located in Arcadia, Florida and to civilly house (confine or detain) civilly committed persons or civil detainees (including plaintiffs Thurston and Hall) at FCCC, until such time as the commitment court determines that their mental conditions have so changed that it's safe to release them at large. (Section 394, Florida Statutes)

8. Recovery Solutions (a private corporation), has a regional office located in Florida, but is headquartered in Tennessee and therefore Recovery Solutions (including its president defendant Jeremy Barr) are under the laws of the state of Florida, since FCCC and Recovery Solutions regional office is located in Florida and since Recovery Solutions is under contract to manage and run FCCC in Arcadia, Florida.

9. Also Recovery Solution, [a private corporation] was not established by the state of Florida and is not a state agency, nor a state instrumentality, nor a political subdivision or arm of the state of Florida and therefore is not

exempt from Florida's State Minimum Wage Act established in Article X, Section 24 of Florida's State Constitution, pursuant to WILLIAMS, 669 F.2d 671 (11th Cir. 1982).

(See) WILLIAMS v. EASTSIDE MENTAL HEALTH CENTER, 669 F.2d 671, 679-681 (11th Cir. 1982) holding

> "East Side Mental Health Center, initially established, by the state, but later designated as (a private corporation) contracted with the state to perform the services of a mental health center, by means of ordinary contracts with various state and local agencies and institutions, is not a state agency or a political subdivision of the state, but is a private business doing contract work for the state in its basic business operations and therefore is not exempt from (FLSA) minimum wage provisions for an award of back pay and minimum wage hourly wages."

10. Defendant Barr, (an employer), is the president of Recovery Solutions, (formerly known as Wellpath Recovery Solutions, which is or was a division or part of the GEO Corporation, another private corporation), whose job duties as president, include being an employer who implements, approves of or adopts policies or procedures, in the job descriptions and work assignments and in the hiring and employment of civil residents at FCCC, including approving, implementing or adopting, employment wage payment policies or procedures for civil residents at FCCC and managing, overseeing and supervising Florida Civil Commitment Center (FCCC) and supervising or overseeing policies relating to the amount of hourly wages paid to FCCC civil residents for the work they perform as hired employees at FCCC, (including plaintiffs Thurston and Hall).

11. Defendant Noblett (an employer and/or an employee staff member of Recovery Solutions) is also the Business Office Manager at FCCC, whose job duties include completing and preparing payrolls, [including], calculating and depositing employment hourly wage payments into plaintiffs Thurston, Hall and all employee civil residents accounts at FCCC,

6

for the employment work they performed for hire, as employees of Recovery Solutions at FCCC.

12. Defendant Anderson (an employer and staff member of Recovery Solutions), is the Facility Administrator at FCCC, (which houses some 500 or more civilly committed or detained persons), whose job duties include supervising FCCC and implementing or adopting policies, procedures or customs at FCCC, regarding the job descriptions and work assignments performed by hired employees civil residents at FCCC and the payment of employment wages for staff and employee civil residents at FCCC.

13. Additionally, defendants Barr, Anderson and Noblett are employers for Recovery Solutions at FCCC, because they have the power to hire and fire civilly committed persons or civil detainees at FCCC and defendants Barr, Anderson and Noblett supervise and control the work schedules and conditions of employment and "or" determine the rate and method of payment and maintain employment records of all civilly committed or civil detainees, (including plaintiffs Thurston and Hall), who are employed by Recovery Solutions at FCCC.

14. Also, defendants Barr, Anderson and Noblett, are employers because they act directly or indirectly in the interest of an employer, in relation to an employee (plaintiffs Thurston Hall and all employee civilly committed or civilly detained persons at FCCC. (See) WATSON v. GRAVES, 909 F.2d 1549, 1553, 1556 (5th Cir. 1990).

15. At Florida Civil Commitment Center from March 31, 2024 and ongoing, plaintiff John Thurston was hired and employed by Recovery Solutions staff, at FCCC as an door knobs employee, being paid $1.00 per hour, to perform job duties including, wiping door knobs, in the dorms or Hallways at FCCC, on a daily basis, at various times throughout the week.

16. Plaintiff Thurston worked up to 10 hours per week, (at $1.00 per hour) as an hired employee for Recovery Solutions at FCCC.

17. Previously, in 2021, for seven [7] weeks, up to 10 hours per week, plaintiff Thurston also worked as a doorknob cleaner employee for Recovery Solutions and was paid only $1.00 per hour for his employment work assignments for Recovery Solutions at FCCC.

18. At FCCC, from October 2024 and ongoing, plaintiff Wendall Hall was hired and employed by Recovery Solutions staff at FCCC, as a truck crew employee, (being paid $1.00 per hour) to perform job duties in food service, including loading and/or unloading food boxes off the food trucks onto dollies or carts, to be delivered to the kitchen for storage or for use by food service Recovery Solution workers at FCCC.

19. Plaintiff Hall worked up to 10 hours per week, (at $1.00 per hour) as a hired truck crew employee for Recovery Solutions at FCCC.

20. Additionally, plaintiffs Thurston and Hall are civilly committed employees for Recovery Solutions at FCCC, because they were hired and employed by Recovery Solution staff (private corporation employees or employers), and permitted to work to perform specific job assignments for an hourly wage that needed to be done for the operation and function of FCCC, which Recovery Solution (a private corporation) profited and benefitted from.

(See) WATSON v. GRAVES, 909 F.2d 1549, 1553, 1556 (5th Cir. 1990) holding:
> "pretrial detainee inmates were employees of private defendants (private individuals or company),' for purposes of FLSA minimum wage coverage and explaining that to employ, is defined as including to suffer or permit to work'"

21. The work week at FCCC for employed or employees civilly committed or detained persons, (including plaintiffs Thurston and Hall), begins on a Sunday and ends on a Saturday at the end of each week.

8

22. When the pay period ends on a Saturday, FCCC employed civilly committed persons or civil detainee-employees have until the following Monday, to turn in their employment timesheets, [listing their hours worked], to their staff supervisors, who sign off on the timesheets and forward them to Ms. Noblett, (the Business Office Manager) who performs the payroll, and calculates and deposits the payroll money payments into plaintiffs Thurston, Hall and all other employed civil detainees' resident bank accounts at FCCC.

23. Plaintiffs Thurston, Hall and all other civil detainee's money, paid to them and deposited into their FCCC resident bank accounts, by Ms. Noblett, for their employment work they performed for Recovery Solutions staff at FCCC, are activated [turned on] every other Wednesday by Recovery Solution staff (Ms. Noblett), at FCCC.

24. [Currently], Florida's State minimum wage is $13.00 per hour, as of September 30, 2024.

25. However, defendants Anderson, Barr and Noblett (Recovery Solution employers or employee staff) adopted, implemented or promulgated a policy, custom, procedure or practice of paying plaintiffs Thurston, Hall and all other civilly committed or civil detainee employees at FCCC, [only] $1.00 (one dollar) per hour, for the work they performed as hired employees for Recovery Solutions at FCCC, (well below the state Minimum Wage Acts), established in Florida's State Constitution Article X, Section 24, which violates the Procedural Due Process of Law of the 14th amendment to the U.S. Constitution and Florida's State Constitution.

26. This has resulted in loss of wages (property) and economic hardships to plaintiffs Thurston and Hall since they have lost wages (property), needed to pay for basic hygiene needs such as body lotion for itchy dry skin (which FCCC does not provide to them) and has caused Thurston and Hall not to have enough money to purchase materials such as postal stamps and envelopes needed to mail legal documents, legal letters or personal letters

to their attorneys, family or friends, (which FCCC does not provide them), which has caused great mental anguish to plaintiffs Thurston and Hall. And the loss of wages from plaintiff Hall's [low paying] $1.00 per hour wages for his job he performs for Recovery Solutions at FCCC, as a result of defendants (Recovery Solutions staff) policies, practice or customs, (as stated above), has caused Hall not to have adequate of sufficient money for living expenses and basic human needs, he will need soon, when he is eventually released at large from civil commitment, (an economic hardship), which could happen soon, since an independent psychologist, in September 2024, has recommended Hall's release from civil commitment, which evaluation report has been filed in the commitment court to be considered by the court at Hall's next annual court review hearing on his mental condition.

27. On August 25, 2024, plaintiff Thurston submitted a Communication Form to the Recovery Solutions' Facility Administrator (a.k.a. defendant Jarad Anderson) assigned to FCCC, requesting to be paid $12.00/hour (Florida's Minimum Wage at that time), pursuant to Article X, Section 24 to the Constitution of the State of Florida. {EXHIBIT A}

28. On August 29, 2024, defendant Jarad Anderson denied plaintiff Thurston's request to be paid Florida's Minimum Wage of $12.00 per hour {EXHIBIT A}, which violates plaintiff Thurston's property rights, that are well-established in Florida's Minimum Wage law in Article X, Section 24 to the Constitution of the State of Florida {EXHIBIT B}, in violation of plaintiff Thurston's well-established Procedural Due Process of Law rights of the Fifth and Fourteenth Amendments to the United States Constitution {EXHIBIT C}, which was not based on sound professional judgment.

29. On August 25, 2024, plaintiff Thurston submitted a Communication Form to Recovery Solutions' Business Office Manager assigned to FCCC (defendant Cynthia Noblett), requesting to be paid $12.00/hour (Florida's

Minimum Wage at that time), pursuant to Article X, Section 24 to the Constitution of the State of Florida. {EXHIBIT A}

30. On August 29, 2024, defendant Cynthia Noblett denied plaintiff Thurston's request to be paid Florida's Minimum Wage of $12.00 [twelve dollars] per hour {EXHIBIT A}, which violates Thurston's property rights that are well-established in the Florida Minimum Wage law of Article X, Section 24 to the Constitution of the State of Florida {EXHIBIT B}, in violation of plaintiff Thurston's well-established Procedural Due Process of Law rights of the Fifth and Fourteenth Amendments to the United States Constitution {EXHIBIT C}.

31. On August 25, 2024, plaintiff Thurston submitted a Communication Form to Recovery Solution's Business Office Manager assigned to the FCCC (defendant Cynthia Noblett), requesting that money from plaintiff Thurston's account be withdrawn for each page of plaintiff Thurston's Account Statements for years 2017 through 2023. {EXHIBIT D} This was Plaintiff Thurston's first attempt at discovery under (pertinent) pages 57 and 58 of the Recovery Solution's Florida Civil Commitment Center (2024) Resident Handbook and Rule 34 of the Federal Rules of Civil Procedure.

Recovery Solutions' Florida Civil Commitment Center's (2024) (pertinent) pages 57, 58:

### RESIDENT ACCOUNTS AND CANTEEN

<u>Residents' Accounts:</u> Resident trust account will be held in an interest bearing account operated by the FCCC Business Office Manager. These funds can be increased by money orders sent to the resident via the U.S. Postal Service and by deposits resulting from the resident work program. Account balance statements will be provided upon resident request.

32. Defendant Cynthia Noblett is the Business Office Manager at Recovery Solutions (a private company), in charge of payroll to Plaintiffs Thurston, Hall and the proposed Class Members detainee-employees at the FCCC.

33. Recovery Solutions (a private company), who's currently under contract to operate the FCCC, has a Resident Work Program ("RWP") through which plaintiffs Thurston, Hall and all other similarly situated civil detainees (committed as well as not committed), may obtain work for $1.00 (one dollar) per hour. Through this program, plaintiffs Thurston, Hall and all other similarly situated detainee-employees (committed as well as not committed) perform work necessary for the functioning of the FCCC, including janitorial, dining, laundry, plumbing, clerical, library and medical. Plaintiffs Thurston, Hall and all other similarly situated detainee-employees (committed as well as not committed) who earn $600.00+ receive a Form 1099 for filing with a Form 1040 federal tax form.

Recovery Solutions' Florida Civil Commitment Center (2024) Resident Handbook, (pertinent) page 22:

### RESIDENT VOCATION SERVICES

FCCC maintains a Resident Work Program (RWP) aimed to assist residents to achieve gainful employment within the facility and to earn funds to save toward discharge. The goal of the RWP is to assist interested residents in attaining vocation positions consistent with their individual abilities, experience, career goals, and privilege levels. Residents are eligible to apply for vocation positions upon attaining CARE Level 4 or CARE Level 5 status. In rare instances and only with permission from the Facility Director or designee, a resident with a CARE Level below 4 may hold a vocation position.

Residents will be rotated from jobs every 6 months or 1 year depending on the position and the individual's CARE Level. The purpose of the rotation process is to ensure equal opportunity to other residents eligible for and interested in employment. Exceptions to the rotation schedule may be granted by the Facility Administrator, with input from the Vocation Instructor, Clinical Director, or other staff as indicated.

> Resident employment is a privilege, not a right, and is subject to clinical, security, and administration approval. Resident employment assignments may be changed, suspended, or terminated for clinical or security reasons, or if the Health Services department revokes medical clearance, at any time.

34. On August 29, 2024, defendant Cynthia Noblett denied plaintiff Thurston's request for his Account Statements for the years 2017 through 2023 {EXHIBIT D}, which violates Plaintiff Thurston's well-established access to the courts, and Procedural Due Process of Law rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution {EXHIBIT C}, which was not based on sound professional judgment.

35. On September 14, 2024, plaintiff Thurston submitted a Communication Form to Recovery Solutions' Facility Administrator (a.k.a. defendant Jarad Anderson assigned to the FCCC), asking him what his first and last name are for proper service of pleadings. {EXHIBIT E} This was plaintiff Thurston's second attempt at discovery under Rule 34 of the Federal Rules of Civil Procedure.

36. When the Facility Administrator (a.k.a. defendant Jarad Anderson) didn't respond to plaintiff Thurston's September 14, 2024 Communication Form in a timely manner, plaintiff Thurston wrote another Communication Form to the Facility Administrator (a.k.a. defendant Jarad Anderson), on September 22, 2024, requesting that he respond to the attached copy of the September 14, 2024 Communication Form to him. {EXHIBIT E}

37. As explained above, Recovery Solutions, the current private company operating the FCCC, has a "Resident Work Program" through which plaintiffs Thurston, Hall and all other similarly situated detainees (committed as well as not committed) may apply for a job working for Recovery Solutions (a private company) of the "Resident Work Program" may work for $1.00 (one dollar) per hour. Indeed, defendants Jeremy Barr, Jarad Anderson and Cynthia Noblett could reach no other conclusion than

that plaintiffs Thurston, Hall and all other similarly situated detainee-employees (committed as well as not committed) are employees of Recovery Solutions (a private company) and should be paid Florida's Minimum Wage for every hour worked, pursuant to the well-established Florida Minimum Wage law of Article X, Section 24 to the Constitution of the State of Florida {EXHIBIT B}. Plaintiffs Thurston's, Hall's and all other similarly situated civil detainee-employees' (committed as well as not committed) work is subject to significant control by Recovery Solutions' (a private company), who manages the FCCC staff through contract with the Department of Children and Families (DCF). For instance, Recovery Solutions' (a private company) personnel at the FCCC determines which detainees to hire and retains the right to require plaintiffs Thurston, Hall and all other similarly situated detainee-employees (committed as well as not committed) past, current and future to pass a Safety Class in order to keep their jobs. Recovery Solutions' (a private company) staff determines plaintiffs Thurston, Hall and all other similarly situated detainee-employees', past, current and future job duties, work schedule, work location, and rate their standards of employment each six months of employment at the FCCC.

38. This Class Action is brought on behalf of the following proposed Class Members: plaintiffs Thurston, Hall and all other similarly situated civil detainee-employees (committed as well as not committed) who, at any time during the past worked and currently works and were paid $1.00 per hour (far below Florida's Minimum Wage) for all hours worked, a rate less than Florida's well-established Minimum Wage pursuant to Article X, Section 24 to the Constitution of the State of Florida and future detainee-employees in the Sexually Violent Predator facility under contract between a private company and the Department of Children and Families.

39. The number of the plaintiffs Thurston, Hall and all other detainees who are similarly situated are so numerous that the individual joinder of all of

its members, plaintiffs Thurston, Hall and all other similarly situated Recovery Solutions (a private company) civil detainee-employees is impractible. Plaintiffs Thurston and Hall believe, and thereon allege, that as many as 400+ Recovery Solutions (a private company) detainee-employees have been subjected to the unlawful practices of Recovery Solutions' (a private company) FCCC staff to only pay detainee-employees $1.00 [one dollar] per hour for every hour worked. Upon information and belief, the precise identity of plaintiffs Thurston, Hall and all of the detainee-employees who are similarly situated as Thurston and Hall and how much defendants Jeremy Barr, Jarad Anderson and Cynthia Noblett (employees of private company Recovery Solutions) owe plaintiffs Thurston, Hall and all other past and current similarly situated detainee-employees can be determined by patient and payroll records maintained by Recovery Solutions' (a private company) staff assigned to the "FCCC."

40. Common questions of fact and law exist as to plaintiffs Thurston, Hall and all other similarly situated past, current and future detainee-employees (committed as well as not committed) that predominate over any questions affecting only individual detainee-employees of Recovery Solutions (a private company) housed at "FCCC." These common questions, which may be determined without reference to the individual circumstances of plaintiffs Thurston, Hall and all other similarly situated past, current and future (committed as well as not committed) detainee-employees, include, but are not limited to, the following:

    (a) Whether defendants Jeremy Barr, Jarad Anderson, Cynthia Noblett of Recovery Solutions (a private company) failed to pay plaintiffs John Thurston, Wendall Hall and all other past and current similarly situated detainee-employees Florida's well-established Minimum Wage for all the hours worked, pursuant to the well-established Minimum Wage law in Article X, Section 24 to the Constitution of the State of Florida;